FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 25 2011

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KANOE LALAWAI-CRUZ, | No. 09-15064 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00537-SPK-BMK |
| v. | |
| HAWAIIAN AIRLINES; IAM & AW LOCAL 1979; MICHAEL MIRANDA; MAILE DEMELLO; CY DUVAUCHELLE; JOHN DOES, 1 - 20, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, Senior District Judge, Presiding

Argued and Submitted February 15, 2011
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Kanoe Lalawai-Cruz appeals the district court's grant of summary judgment

dismissing various claims he brought against his former employer, Hawaiian

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Airlines ("HAL"), individual employees of HAL, and the union that represented him while he was employed by HAL, the International Association of Machinists and Aerospace Workers, Local Lodge 1979 ("IAM"). We affirm.

**1.** IAM did not breach its duty of fair representation. "A union breaches its duty of fair representation when its 'conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 879 (9th Cir. 2007) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).

Lalawai-Cruz points to no evidence that IAM acted in bad faith or that its conduct was arbitrary or discriminatory. To the contrary, IAM advocated on behalf of Lalawai-Cruz at the disciplinary hearing and pursued his claim through step 3 of the grievance procedure outlined in the collective bargaining agreement ("CBA"). Moreover, Lalawai-Cruz's contention that IAM acted arbitrarily in not arguing at the hearing that HAL retaliated against him because he expressed concerns about unsafe practices has no merit, because no evidence suggests that he expressed any such concerns. *See Peters v. Burlington N. R.R. Co.*, 931 F.2d 534, 540 (9th Cir. 1991).

Lalawai-Cruz therefore has failed to raise a triable issue of fact that IAM breached its duty of fair representation.

**2.** We also affirm the district court's grant of summary judgment dismissing Lalawai-Cruz's state-law claims against HAL and the individual employee-defendants.[1]

First, Lalawai-Cruz has failed to establish a triable issue of fact supporting his claim that he was terminated in violation of the Hawaii Whistleblowers' Protection Act ("HWPA"), Haw. Rev. Stat. § 378-62, or public policy, as established in *Parnar v. Americana Hotels, Inc.*, 652 P.2d 625 (Haw. 1982). The district court held that these state-law causes of action were preempted by the Railway Labor Act ("RLA"), but we disagree. Because these causes of action "involve[] rights and obligations that exist independent of the CBA," Lalawai-Cruz's claim is not preempted. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994); *see also Saridakis v. United States*, 166 F.3d 1272, 1278 (9th Cir. 1999).

Nonetheless, Lalawai-Cruz points to no evidence that his termination was retaliatory. Thus, while the district court incorrectly dismissed Lalawai-Cruz's retaliation claim as preempted, we affirm the grant of summary judgment on the

---

[1] Lalawai-Cruz does not contest dismissal of his claim that HAL was negligent in hiring, training, and supervising its employees. Moreover, because Lalawai-Cruz does not have a triable duty of fair representation claim against IAM, he cannot pursue in court his breach of contract claims against HAL. *See* 45 U.S.C. § 153(i); *Peters*, 931 F.2d at 541–42.

grounds that Lalawai-Cruz failed to advance evidence creating a genuine issue of material fact that his termination violated the HWPA or the prohibition against employment retaliation established in *Parnar*. *Cf. Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1226 (9th Cir. 2009) ("[W]e may affirm the district court's holding on any ground raised below and fairly supported by the record.").

Second, Lalawai-Cruz's defamation claims were properly dismissed. Statements made in the course of grievance-related proceedings are privileged under the RLA and therefore cannot support Lalawai-Cruz's defamation claim. *Hyles v. Mensing*, 849 F.2d 1213, 1217 (9th Cir. 1988). Lalawai-Cruz has failed to adduce any evidence to support his contention that the named defendants made defamatory statements about him outside the CBA proceedings.

Third, Lalawai-Cruz's intentional infliction of emotional distress ("IIED") claims were properly dismissed. To the extent that Lalawai-Cruz's IIED claims are based on allegations that his discharge violated the procedures and criteria outlined in the CBA, they are preempted by the RLA. *See Saridakis*, 166 F.3d at 1278. Lalawai-Cruz's IIED claims are not preempted to the extent they are based on the alleged defamatory comments made outside the disciplinary hearing or on other conduct unrelated to the CBA. *See Tellez v. Pac. Gas & Elec. Co.*, 817 F.2d 536,

-4-

539 (9th Cir. 1987). Nonetheless, Lalawai-Cruz's IIED claims were properly dismissed, because he has adduced no evidence to establish that the defendants committed any independent intentional conduct that was "beyond all bounds of decency." *See Calleon v. Miyagi*, 876 P.2d 1278, 1288, 1289 n.7 (Haw. 1994) (quoting *Chedester v. Stecker*, 643 P.2d 532, 535 (Haw. 1982)).

Finally, Lalawai-Cruz's conspiracy claims were also properly dismissed. These claims are preempted to the extent the acts underlying his conspiracy claims are the same as those underlying his other preempted claims—for instance, that the defendants conspired to breach the CBA. *Hyles*, 849 F.2d at 1217. Lalawai-Cruz's conspiracy claims are not preempted to the extent they are based on the same actions that underlie his non-preempted state-law claims. *Id.* But, under Hawaiian law, because Lalawai-Cruz's other claims cannot survive summary judgment, his conspiracy claims fail as well. *See, e.g., Robert's Hawaii Sch. Bus v. Laupahoehoe Transp. Co.*, 982 P.2d 853, 889 n.44 (Haw. 1999); *Ellis v. Crockett*, 451 P.2d 814, 822–23 (Haw. 1969).

**AFFIRMED**.